STATE OF VERMONT

SUPERIOR COURT                                                ENVIRONMENTAL DIVISION
Docket No. 102-8-17 Vtec

| Town of Fletcher v Werner |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (102-8-17 Vtec)

Title:          Motion to Dismiss Defendant's Counterclaim (Motion 3)

Filer:          Town of Fletcher

Attorney:    Chad V. Bonanni

Filed Date:  October 20, 2017

No response filed

**Part of the motion is MOOT; part of the motion is GRANTED.**

The present enforcement action was brought by the Town of Fletcher ("Plaintiff" or "Town") against Kimberly Werner ("Defendant") regarding her property located on Rich Island in Metcalf Pond in Fletcher, Vermont ("the Property"). The motion currently before the Court is the Town's motion to dismiss Defendant's counterclaim.

On April 6, 2017, the Town issued a Notice of Violation ("NOV") to Defendant notifying her that the deck and shed located at the Property were in violation of the Zoning Bylaw for the Town of Fletcher, Vermont ("Regulations").[1] The NOV stated that Defendant must take corrective action by either obtaining Town approvals or removing the structures. Defendant appealed the NOV to the Town of Fletcher Development Review Board ("DRB"). When the DRB affirmed the issuance of the NOV, Defendant appealed that determination to this Court; that appeal became the subject of the matter entitled In re Werner NOV, No. 97-7-17 Vtec.

On August 15, 2017, the Town filed a Complaint with this Court to enforce and prosecute the NOV; that matter was assigned the above-referenced Docket.

On October 20, 2017, Defendant filed a document entitled "Answer and Counterclaim" in response to the Town's Complaint. Defendant's Answer includes admissions and denials to the allegations contained in the Town's Complaint. The Counterclaim alleges that Defendant acted in good faith reliance on the advice of the Town of Fletcher Zoning Administrator ("Zoning

---

[1] The Town's Complaint states that the NOV was issued on April 16, 2017. However, the NOV provided in Plaintiff's Exhibit 3 is dated April 6, 2017 and the certified mail receipt was signed by the Defendant on April 8, 2017.

Administrator"), that the Zoning Administrator acted in bad faith by permitting Defendant to believe no Town approval was required for her already-completed improvements, that the Zoning Administrator is using the present action to withdraw alleged consent, and that Defendant has suffered harm and damages.  Defendant seeks dismissal of Plaintiff's claim with prejudice, costs and fees, as well as any further relief the Court deems appropriate.

The Town correctly alleges this Court does not have subject matter jurisdiction over counterclaims in zoning enforcement actions, since such relief is outside the original jurisdiction of the Court under V.R.E.C.P. 3 and 4 V.S.A. § 34.  However, while Defendant's pleading is partially titled "Counterclaim," we view the allegations contained therein to mostly be in the nature of affirmative defenses.  For that reason, we regard the Town's motion as largely **MOOT**.  Because Defendant does assert one claim that appears to be a counterclaim in the last sentence of her pleading, and because Defendant seeks a monetary award in the Ad Damnum portion of her pleading, we **GRANT** the Town's motion and **STRIKE** those two portions of Defendant's pleading.

Our jurisdiction is established by the enforcement action filed by the Town.  24 V.S.A. § 4452.  Defendant's Counterclaim seems to allege that representations made by the Zoning Administrator both precludes the enforcement action and makes conditional use approval for the structures unnecessary.  The Court does not read this as a counterclaim but as an affirmative equitable estoppel defense.  See In re Langlois/Novick Variance Denial, 2017 VT 76.  A claim of equitable estoppel may be raised in defense of a zoning enforcement action.  Id.  We will therefore allow Defendant to present evidence in support of her equitable estoppel claims, and will allow the Town to present evidence in response to those equitable claims.

We have no jurisdictional authority in a zoning enforcement action to consider claims by a defendant that it is entitled to a monetary award.  We therefore **GRANT** the Town's motion and **STRIKE** those provisions seeking such relief from page 4 of Defendant's pleading.  In all other respects and for the reasons stated above, we regard the Town's motion as **MOOT**.

**So Ordered.**

Electronically signed on January 12, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Chad V. Bonanni (ERN 4155), Attorney for Plaintiff Town of Fletcher
Richard E. McCormick (ERN 3752), Attorney for Defendant Kimberly Werner